**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | No. 13 CR 952-3 |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| Marcus Harris | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Defendant Marcus Harris moves pursuant to 18 U.S.C. § 3582(c) to reduce his 160-month federal sentence to 135 months. Specifically, he requests that the Court reduce his sentence under 18 U.S.C. § 1951(a) from 76 months to 51 months. Harris's motion is granted.

### Background

In early 2013, Harris committed three armed robberies of phone stores: in Addison, Illinois; Schererville, Indiana; and LaPorte, Indiana. R. 389 at 2–3. In February 2013, he was arrested in Indiana, pled guilty in Indiana state court to the LaPorte robbery, and sentenced to ten years in prison. *Id.* In January 2015, he pled guilty in federal court under 18 U.S.C. § 1951(a) for the Addison and Schererville robberies and under 18 U.S.C. § 924(c)(1)(A) for brandishing a firearm in furtherance of the robberies. R. 638 at 7–9. With a total offense level at 27 and a criminal history category at IV, Harris faced an initial Sentencing Guideline range of 100–125 months for violating § 1951(a) and a mandatory consecutive sentence of 84 months for violating § 924(c). *Id.* When sentencing Harris under § 1951(a), Judge Kocoras applied a 36-month downward adjustment under U.S.S.G. § 5G1.3(b) to account for time already spent in Indiana custody. *Id.* at 8. He also selected "the midpoint of [the] range." R. 644 at 4. This led to a sentence of 76 months under § 1951(a) and left Harris with a final federal sentence of 160 months based on consecutive sentences of 76 months under § 1951(a) and 84 months under § 924(c). R. 638 at 8–9.

In 2023, the United States Sentencing Commission passed Amendment 821 and declared that it applied retroactively. R. 644 at 5–6. The parties agree that if Amendment 821 had been in effect at the time of Harris's sentencing, Harris's criminal history category would have been reduced from IV to III, and that as a result, Harris would have faced an initial Sentencing Guideline range for § 1951(a) of 87–108 months rather than 100–125 months. *Id.* Based on this change, Harris moves pursuant to 18 U.S.C. § 3582(c) to reduce his sentence. R. 638.

**Discussion**

Under 18 U.S.C. § 3582(c), a district court may "reduce a sentence of imprisonment imposed under a previous version of the United States Sentencing Guidelines so as to give retroactive effect to guideline amendments that the Sentencing Commission has chosen to make retroactive." *United States v. Guyton*, 636 F.3d 316, 317 (7th Cir. 2011). The Supreme Court has explained that § 3582(c)(2) sets forth a two-step process for determining whether a sentence reduction should be granted. *See Dillon v. United States*, 560 U.S. 817, 826–28 (2010).

**I.  Step One**

Under step one, a district court must "follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Dillon*, 560 U.S. at 827. "Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (citing § 1B1.10(b)(1)). "In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." § 1B1.10(b)(1).

2

Amendment 821 is listed in subsection (d). *See* § 1B1.10(d). As stated above, the parties agree that if Amendment 821 had been in effect at the time of Harris's sentencing, Harris would have faced an initial range for § 1951(a) of 87–108 months rather than 100–125 months. These points are not in dispute. Rather, the critical issue is as follows: (A) whether the 36-month downward adjustment under § 5G1.3(b) is calculated as part of the "amended guideline range," thus further modifying the range to 51–72 months; or (B) whether the "amended guideline range" is set at 87–108 months and the 36-month adjustment is factored in later. *See Guyton*, 636 F.3d at 319 ("Under the Guidelines, a defendant has only one 'applicable guideline range.'").

This issue is dispositive of Harris's motion. Critically, § 1B1.10(b)(2)(a) provides that "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." In other words, if the guideline range is set at 87–108 months, the Court cannot reduce Harris's sentence to anything less than 87 months. But if § 5G1.3(b) is calculated as part of the guideline range, and the range becomes 51–72 months, then a sentence reduction is possible.

Whether to calculate § 5G1.3(b) as part of the guideline range is the subject of a circuit split. The circuit split turns on the language of U.S.S.G. § 1B1.1, which states the following:

> (a) The court shall determine the kinds of sentence and the guideline range as set forth in the guidelines (see 18 U.S.C. § 3553(a)(4)) by applying the provisions of this manual in the following order, except as specifically directed:
>
> > (1) Determine, pursuant to § 1B1.2 (Applicable Guidelines), the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction. *See* § 1B1.2.
> >
> > (2) Determine the base offense level and apply any appropriate specific offense characteristics, cross references, and special instructions contained in the particular guideline in Chapter Two in the order listed.

(3) Apply the adjustments as appropriate related to victim, role, and obstruction of justice from Parts A, B, and C of Chapter Three.

(4) If there are multiple counts of conviction, repeat steps (1) through (3) for each count. Apply Part D of Chapter Three to group the various counts and adjust the offense level accordingly.

(5) Apply the adjustment as appropriate for the defendant's acceptance of responsibility from Part E of Chapter Three.

(6) Determine the defendant's criminal history category as specified in Part A of Chapter Four. Determine from Parts B and C of Chapter Four any other applicable adjustments.

(7) Determine the guideline range in Part A of Chapter Five that corresponds to the offense level and criminal history category determined above.

(8) For the particular guideline range, determine from Parts B through G of Chapter Five the sentencing requirements and options related to probation, imprisonment, supervision conditions, fines, and restitution.

(b) The court shall then consider Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence. *See* 18 U.S.C. § 3553(a)(5).

(c) The court shall then consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole. *See* 18 U.S.C. § 3553(a).

Pursuant to the plain language of § 1B1.1, the downward adjustment under § 5G1.3(b) is calculated as part of step 8. The Eleventh Circuit has held that "a court evaluating a § 3582(c)(2) motion for reduction of sentence [must] apply all eight steps of U.S.S.G. § 1B1.1(a) in order to determine the amended guideline range." *United States v. Gonzalez-Murillo*, 852 F.3d 1329, 1336 (11th Cir. 2017). As such, "a court must reapply [a § 5G1.3(b) adjustment] under § 1B1.1(a) if it elects to reduce a defendant's sentence under § 3582(c)(2)"). *Id.* at 1339.

4

In contrast, Eighth Circuit has held that "the calculation of an 'amended guideline range' is complete at step seven of § 1B1.1(a)" and that "step eight and an adjustment under § 5G1.3(b) does not enter into the calculation." *United States v. Helm*, 891 F.3d 740, 742 (8th Cir. 2018). The Second Circuit "agree[d] with *Helm*" that the guideline range is based on a "steps-one-through-seven calculation" and does not include "a step-eight § 5G1.3(b) 'adjustment.'" *United States v. Zapatero*, 961 F.3d 123, 130 (2d Cir. 2020).

Though the Seventh Circuit has not specifically addressed § 5G1.3(b), it addressed a similar question as applied to § 5K1.1:

> [T]he structure of the Guidelines makes clear that the applicable guideline range is the one calculated before any departure under section 5K1.1. The Guidelines permit a genuine departure under section 5K1.1 and other provisions found in Chapter 5 only after the court has already determined "the applicable guideline range." Section 1B1.1 lays out the order in which courts apply the guideline provisions. In the first several steps, the district court calculates the defendant's total offense level and criminal history category and determines the corresponding guideline range. U.S.S.G. § 1B1.1(a)(1)–(a)(8). After the court determines the range, it "shall then consider Parts H and K of Chapter Five, Specific Offender Characteristics and Departures, and any other policy statements or commentary in the guidelines that might warrant consideration in imposing sentence." § 1B1.1(b).

*Guyton*, 636 F.3d at 319–20. Notably, when the Seventh Circuit discussed the "guideline range" in *Guyton*, it referred to § 1B1.1(a)(1)–(a)(8). In other words, the Seventh Circuit's position is consistent with the Eleventh Circuit's position, that the guideline range is calculated based on steps one through eight.

The Seventh Circuit also stated, in reference to § 5K1.1, that the guideline range must be calculated "before granting any departure under Chapter 5 of the Guidelines." *Guyton*, 636 F.3d at 319. Though § 5K1.1 is a "departure," § 5G1.3(b) is not. As the Eleventh Circuit explained:

> Section 5G1.3(b)'s language renders the provision mandatory; a
> court must adjust a prisoner's sentence when § 5G1.3(b)'s
> requirements are satisfied. . . . And significantly, the adjustment that
> § 5G1.3(b) requires is not a departure. "Departure" is a term of art
> under the Sentencing Guidelines. Other than those departures that
> the guidelines expressly so designate, *see, e.g.*, U.S.S.G. § 5K1.1
> (substantial assistance); *id.* § 5K2.1 (death results from offense), a
> district court may depart from the guidelines only when it "finds . . .
> an aggravating or mitigating circumstance of a kind, or to a degree,
> not adequately taken into consideration by the Sentencing
> Commission in formulating the guidelines that should result in a
> sentence different from that described [by the guidelines]." *United
> States v. Booker*, 543 U.S. 220, 234 (2005). Nothing in or relating
> to § 5G1.3(b) expressly designates the adjustment that section
> requires as a "departure." So it can be a departure only if it is not
> "adequately taken into consideration" by the guidelines. Of course,
> the mere existence of § 5G1.3(b) demonstrates that that is not the
> case. As a result, the § 5G1.3(b) adjustment cannot be a departure.

*Gonzalez-Murillo*, 852 F.3d at 1338 (11th Cir. 2017) (cleaned up).

In sum, § 5G1.3(b) is not a departure under the Sentencing Guidelines, but a mandatory provision calculated at step 8 of § 1B1.1. Because the Seventh Circuit's position is that the guideline range is calculated based on steps 1 through 8, the Court finds that Harris is eligible for a sentence reduction under 18 U.S.C. § 1951(a) within the range of 51–72 months.

## II. Step Two

Under step two, a district court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827. Step two is not at issue, however, as the "parties agree that [Harris's] sentence can be reduced by 25 months if his original § 5G1.3(b) adjustment applies at his sentence reduction proceeding." R. 668 ¶ 3. As such, the Court reduces Harris's sentence under 18 U.S.C. § 1951(a) from 76 months to 51 months, and his total sentence from 160 months to 135 months.

6

**Conclusion**

Harris moved, pro se, for a sentence reduction at [611]. He then moved to request counsel at [626]. Counsel for Defendant appeared at [637]. Counsel then moved for a sentence reduction at [638]. [611] and [626] are thus denied as moot. The Government moved to file a surreply at [646]. The Court grants that motion and accepts [646-1] as the surreply. For the reasons stated above, Harris's motion [638] for a sentence reduction is granted.

**SO ORDERED.**                                  **ENTERED: September 29, 2025**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**